**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:26-cr-00555-E** |
| | § | |
| **KRYSTLE LOCKE** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court are Defendant's Motion to Amend Conditions of Pretrial Release, for Temporary Stay, and for Expedited Consideration (ECF No. 12) and Plaintiff's Response (ECF No. 17). Having reviewed the briefing and the law, the Court **DENIES** Defendant's Motion (ECF No. 12).

The Magistrate Judge released Defendant on bond with the condition that Defendant cease operating any boarding home or living facility for any elderly, disabled, or incapacitated individuals.[1] Defendant claims the challenged condition requires her to cease operating her business entirely and also contemplates relocation of the business's residents within fourteen days.[2] Defendant asks the Court to stay this condition and substitute a narrower condition for release on bond because the current condition is not reasonably necessary to protect the community.[3]

---

[1] Def.'s Mot. Amend Pretrial Release 2–3, ECF No. 12.
[2] *Id.* at 3.
[3] *Id.* at 8.

The Bail Reform Act allows courts to set conditions on a defendant's release to reasonably assure the defendant's appearance and community safety. 18 U.S.C. §§ 3142(c)(1), (c)(1)(B). The Act requires such conditions to be the "least restrictive" means necessary to address the identified risks. Additionally, the Act charges requires courts to evaluate those risks through the factors set forth in Section 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by release. The Bail Reform Act authorizes restrictions on personal associations, limits on contact with potential witnesses, and "any other condition that is reasonably necessary to assure the safety of the community." 18 U.S.C. § 3142(c)(1)(B)(iv), (v), (xiv). Occupational restrictions fall squarely within a court's authority where a defendant's professional activities create or heighten a danger the court must address.

Here, the restriction challenged by Defendant is reasonably related to the risks posed by Defendant remaining free on release. Defendant has been charged with financially exploiting dependent residence in relation to her role as an operator of residential homes.[4] Changing the conditions of the stay to allow Defendant access once again to a vulnerable population does not allow the Court to reasonably assure community safety. Therefore, Defendant's Motion (ECF No. 12) is **DENIED**.

Signed this 15th day of September, 2026.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Def.'s Resp. 3, ECF No. 17.