IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:26-cr-555-M |
| KRYSTLE LOCKE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REVOKE PRETRIAL RELEASE AND AMENDING CONDITIONS OF RELEASE**

Defendant Krystle Locke has been adjudged guilty, after a guilty plea, of one count of Theft of Government Money, in violation of 18 U.S.C. § 641. *See* Dkt. Nos. 20, 21, & 27.

On September 4, 2026, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 10.

Among those conditions is that Defendant must not violate federal, state, or local law while on release. *See id.* at 1.

Under 18 U.S.C. § 3148(b),

> [t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the

release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b).

Section 3148(b) further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(2).

And, "If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). But Section 3148(b) further provides that, "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." *Id.*

And, where a defendant has been adjudged guilty of an offense, 18 U.S.C. § 3143(a)(1) provides that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."

Defendant's supervising pretrial services officer filed a Report of Violation of Conditions of Pretrial Release, in which he reported that he "has information that the defendant has violated such conditions in each of the following respects":

> The defendant, Krystal Locke violated this condition of pretrial release as evidenced by her arrest on October 13, 2026, by officers with the Tarrant County Sheriff's Office for Exploitation of Child/Elderly/Disabled (Texas Penal Code 32.53), a third-degree felony.
>
> On September 9, 2026, officers with the Grand Prairie, Texas, Police Department responded to a residence in reference to a follow-up visit to a group home/boarding home. Officers contacted Krystal Locke who confirmed she was operating a group home with six residents. Ms. Locke identified the victim, Marilyn Morris, as one of the six residents residing at the address. Officers spoke with Ms. Morris, who stated she was told the rent for the group home would be $1000 per month but did not recall agreeing to this amount. Ms. Morris stated she discovered withdrawals from her account after reviewing her bank statement. Additionally, she stated she did not authorize anyone to have access to her bank account or setup automatic payments. Officers observed a transaction on Ms. Morris' Wells Fargo bank account showing a Zelle payment in the amount of $2703.00 to an account linked with Krystal Locke, processed on September 8, 2026. Ms. Morris stated she did not authorize this payment and believed that Krystal Locke had accessed her account without permission, and she did not send any money to Ms.

> Locke.
>
> Additionally, Ms. Morris stated when she was evicted from her condominium, Ms. Locke and her friends sold her belongings. Ms. Morris stated she was told her proceeds would be deposited in her bank account but could not confirm if the deposits were made.
>
> The undersigned suggests to the court that a warrant be issued for the arrest of the defendant, and that a hearing be scheduled for consideration of revocation of the defendant's conditions of pretrial release.

Dkt. No. 28 at 1. The Court ordered that a violator's warrant be issued for Defendant to appear for a hearing to determine whether her conditions of pretrial release should be revoked. See id. at 3; see also Dkt. No. 29 (warrant).

Defendant was arrested on October 23, 2026.

The government then filed a Motion to Revoke Pretrial Release, see Dkt. No. 31, in which it asks the Court to revoke pretrial release under 18 U.S.C. § 3148, arguing:

> On August 26, 2026, a federal grand jury returned an indictment charging the defendant with four counts of theft of government funds, in violation of 18 U.S.C. § 641 and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. (Dkt. 1.) On September 4, 2026, the defendant made her initial appearance and was placed on pretrial release supervision by United States Magistrate Judge David L. Horan. (Dkt. 10.) Release conditions included:
>
> (1) The defendant must not violate federal, state, or local law while on release.
>
> (Id.) The defendant advised the Court that she understood the conditions of pretrial release and agreed to abide by them. (Id.)
>
> On October 20, 2026, U.S. Probation filed a Report of Violation of Conditions of Pretrial Release alleging that the defendant violated the pretrial conditions. In that document, the Court ordered the government to file a motion to revoke consistent with the information contained in Probation's report.
>
> ….
>
> In the report of violation, USPO Thomas alleged that the

defendant violated her conditions of release by committing a new state crime—that is exploitation of an elderly individual, in violation of Texas Penal Code 32.53.

According to a police report, on September 9, 2026, Grand Prairie Police Department officers visited Ms. Locke's residence and located six individuals under the defendant's care. M.M., an elderly resident previously under Ms. Locke's care, reported unauthorized withdrawals and transfers from her bank account. M.M. stated she did not authorize anyone to access her bank account or set up automatic payments. Relevant to this motion, officers observed a Zelle transfer of $2,703 on September 8, 2026, from M.M.'s Wells Fargo account to an account linked to John Thomas Residential, Ms. Locke's business. M.M. stated that she did not authorize this payment and believed that Ms. Locke had accessed her bank account without her permission. M.M. also stated that she receives $2,762 per month in Social Security benefits, and officers observed that her bank account was overdrawn.

Based on the foregoing, there is probable cause to believe that Ms. Locke violated the conditions of her release by committing a new law violation while under supervision—specifically, violating Texas Penal Code 32.53 (exploiting an elderly individual)—by exercising control over M.M.'s finances for her own monetary benefit, profit, or gain.

....

Based upon the foregoing, Ms. Locke's pretrial release should be revoked. The defendant has clearly demonstrated an inability to abide by the terms of release set by United States Magistrate Horan. Based upon the conduct detailed above, it is reasonable to conclude that there is no condition or combination of conditions of release that will ensure that Locke will not pose a danger to the safety of any other person or the community.

In the event the defendant's release is not revoked, the government respectfully requests that the Court impose the following additional conditions of release:

1. The defendant shall not apply for or seek to obtain government benefits on behalf of herself or any other individual without prior approval of the Court.
2. The defendant shall not manage, co-manage, or otherwise exercise control over any bank account belonging to another individual other than immediate family without prior approval from the United States Probation Office.

These conditions are necessary to protect the community and, in particular, vulnerable individuals, who are currently or may in the future be entrusted to Ms. Locke's physical, financial, or personal care.

> The proposed restrictions are narrowly tailored to address the nature of the defendant's conduct and to mitigate the risk of further harm pending conclusion of the case.
>
> Specifically, these conditions are necessary based on the alleged conduct related to M.M. as well as the following alleged conduct:
>
> On October 13, 2026, the defendant was arrested by officers with the Tarrant County Sheriff's Office for Exploitation of Child/Elderly/Disabled (Texas Penal Code 32.53), a third-degree felony. According to the arrest warrant, in or about June 2025, Ms. Locke obtained control over the Social Security Administration (SSA) benefits of J.H., another individual entrusted to her care. Ms. Locke changed the direct-deposit information for J.H.'s monthly SSA benefits so that the funds were deposited into a bank account under her control and inaccessible to J.H. Although Ms. Locke agreed to charge J.H. $1,200 per month in rent, she retained control over the entirety of J.H.'s monthly SSA benefit payments rather than limiting her access to the agreed-upon rental amount. Grand Prairie PD contacted J.H.'s family about this conduct, and they have since assisted with relocating J.H. and redirecting his SSA benefits to a new bank account. Based on this conduct, Grand Prairie Police obtained an arrest warrant for Ms. Locke on charges of Exploitation of an elderly or disabled individual, in violation of Texas Penal Code 32.53.
>
> Based on the foregoing, if the defendant is released, the United States respectfully requests that the Court impose these additional two conditions of release to protect the community from further fraudulent and exploitative conduct.
>
> ….
>
> Pursuant to 18 U.S.C. § 3148(b), the government requests that the defendant's pretrial release be revoked and that she be detained pending the conclusion of her case.

Dkt. No. 31 at 1-5.

On October 27, 2026, the Court held a hearing on the matter of possible revocation, at which Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready and orally moved to revoke Defendant's release.

Based on the Report of Violation of Conditions of Pretrial Release [Dkt. No. 28], the testimony of Defendant's supervising pretrial services officer and of Grand Prairie Police Officer Richardson, and the arguments of Defendant and the government, and for the reasons stated on the record at the hearing, the Court finds, in accordance with the Section 3148(b)'s requirements, that – even assuming that there is probable cause to believe that Defendant has committed a state or local crime while on release and the attendant rebuttable presumption – there is a combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community and with which Defendant is not unlikely to abide.

Specifically, considering the only alleged post-release conduct here, which involves payments from M.M.'s accounts, and that Defendant no longer has any elderly, disabled, or incapacitated individuals (including M.M.) in her care as part of a boarding home or living facility, the Court determines – as the government alternatively proposed and to which Defendant did not object – that Defendant's existing conditions of release will be amended to add the following two special conditions of release:

1. The defendant shall not apply for or seek to obtain government benefits on behalf of herself or any other individual without prior approval of the Court.
2. The defendant shall not manage, co-manage, or otherwise exercise control over any bank account belonging to another individual other than immediate family

without prior approval from the United States Probation Office.

With those additional conditions, the Court determines that Defendant will be subject to – and is not unlikely to abide by – a combination of conditions of release that will assure that she will not flee or pose a danger to the safety of any other person or the community pending her sentencing in this case.

Based on the facts explained above, and the Court's findings based on those facts, the Court DENIES the government's motion to revoke [Dkt. No. 31] under 18 U.S.C. § 3148(b) and orders that Defendant Krystle Locke will remain on release subject to this amended combination of conditions of release.

The Clerk of the Court is also directed to unseal Dkt. Nos. 28 and 29.

SO ORDERED.

DATED: October 27, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE